| | |
|---|---|
| Scotiabank of Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Sucesión de José Tomás Quiñones Ramírez, compuesta por sus nietos menores de edad P.A.Q.R., E.I.Q.R., N.M.S.Q. y V.M.S.Q.; Roberto Miguel Quiñones Ramírez; Departamento de Hacienda, por conducto de la División de Caudales Relictos; Centro de Recaudación de Ingresos Municipales (CRIM)<br><br>Peticionarios<br><br>Roberto Miguel Quiñones Ramírez<br><br>Recurrido | Certiorari<br><br>2021 TSPR 57<br><br>206 DPR \_\_\_\_ |

Número del Caso: CC-2019-389

Fecha: 27 de abril de 2021

Tribunal de Apelaciones:

   Panel VII

Abogado de la parte peticionaria:

   Lcdo. Ricardo René Gutiérrez Guzmán

Abogado de la parte recurrida:

   Lcdo. Héctor A. Pedrosa Luna

Materia: Derecho de Sucesiones- Según dispuesto en el Art. 1816 del Código Civil de 2020, los derechos a la herencia de quien ha fallecido, con testamento o sin él, antes de entrar en vigor el Código Civil de Puerto Rico de 2020, se rigen por la legislación anterior (entiéndase, por las disposiciones del Código Civil de 1930, según enmendado). En cuanto al repudio de la herencia y sus efectos, se distingue el efecto del repudio de la herencia realizado por todos los parientes del mismo grado más próximos al causante llamados a suceder, del efecto del repudio realizado por uno o alguno de éstos, a la luz del Código Civil de 1930. El primer escenario da lugar al llamamiento de los parientes del grado siguiente por derecho propio, mientras que el segundo escenario tiene como consecuencia el acrecimiento de la cuota de los demás parientes que concurrieron al llamamiento junto al o los repudiantes.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Scotiabank of Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Sucesión de José Tomás Quiñones Ramírez, compuesta por sus nietos menores de edad P.A.Q.R., E.I.Q.R., N.M.S.Q. y V.M.S.Q.; Roberto Miguel Quiñones Ramírez; Departamento de Hacienda, por conducto de la División de Caudales Relictos; Centro de Recaudación de Ingresos Municipales (CRIM)<br><br>Peticionarios<br><br>Roberto Miguel Quiñones Ramírez<br><br>Recurrido | CC-2019-389 | *Certiorari* |

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 27 de abril de 2021.

Los hechos que dan lugar al recurso de epígrafe tienen su génesis en el repudio de la herencia por parte de todos los parientes más cercanos del causante llamados a suceder. Este caso nos provee la oportunidad de reiterar los efectos del repudio por parte de toda la línea sucesoral más próxima al difunto y contrastar esa situación y sus efectos con el escenario en el cual sólo algunos de los que concurran al llamamiento, perteneciendo al mismo grado y orden sucesorio, repudiaran la herencia.

Pasemos a detallar los hechos esenciales del caso relacionados con la controversia planteada ante nosotros.

I

El 11 de abril de 2013, *Scotiabank of Puerto Rico* (Scotiabank o banco) presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca por la vía ordinaria en contra del Sr. José Tomás Quiñones Ramírez (don José Tomás o causante) y el Sr. Roberto Miguel Quiñones Ramírez (don Roberto Miguel o hermano del causante) (en conjunto, señores Quiñones Ramírez), como herederos de la Sra. Luisa Virginia Ramírez Polo (señora Ramírez Polo).[1] Específicamente, arguyó que el 25 de agosto de 2005, la señora Ramírez Polo suscribió un pagaré por la suma principal de $312,000 más intereses convenidos al 6.25% anual y otros créditos accesorios. Afirmó que, en garantía del referido pagaré y créditos accesorios, la señora Ramírez Polo otorgó una hipoteca voluntaria, la cual consta en la Escritura Núm. 341 de Hipoteca sobre la finca que se describe a continuación:

> URBANA: Solar con el número Ciento Treinta y Dos (132) de la Manzana K de la Urbanización Santa Teresita, sito en Santurce, Puerto Rico, compuesto de CUATROCIENTOS CINCUENTA (450.00) METROS CUADRADOS; colindando por el NORTE, en quince metros (15.00 m.), con la Urbanización Park Boulevard; por el SUR, en quince metros (15.00 m.), con la Calle Admiral Leary; por el ESTE, en treinta metros (30.00 m.), con solar número Ciento Treintitrés (133) de la Urbanización; y por el OESTE, en treinta metros (30.00 m.), con solar número Ciento Treintiuno (131). Enclava una casa.[2]

---

[1]   Véase *Demanda*, Apéndice del *Certiorari*, págs. 70-72.

[2]   Íd., pág. 70.

El banco sostuvo que los señores Quiñones Ramírez adquirieron la propiedad antes descrita por medio de la Escritura Núm. 48 de Testamento otorgada por la señora Ramírez Polo ante notario el 16 de noviembre de 2000 (Escritura Núm. 48 de Testamento). Manifestó que aquellos incurrieron en incumplimiento de contrato al dejar de pagar las mensualidades vencidas desde el 1 de octubre de 2012, a pesar de las oportunidades concedidas. De esta forma, Scotiabank declaró el vencimiento de la totalidad de la deuda y reclamó el pago de la suma principal ascendente a $280,904.58 más intereses a razón del 6.25% anual, así como el pago de los cargos estipulados por concepto de costas, gastos, honorarios de abogado y recargos acumulados.

El 17 de mayo de 2013, don Roberto Miguel compareció por derecho propio, contestó la demanda y admitió la mayoría de las alegaciones en su contra.[3] Coetáneamente con la presentación de ese escrito, don Roberto Miguel consignó en el tribunal la suma de $14,929.93 a favor de Scotiabank.[4]

El 31 de mayo de 2013, Scotiabank solicitó la sustitución de don José Tomás -quien había fallecido intestado el 31 de enero de 2008- por los miembros de su sucesión. Afirmó que, de conformidad con una *Resolución* sobre Declaratoria de

---

[3]   Véase *Answer*, Apéndice del *Certiorari*, págs. 79-80.

[4]   Véase *Moción*, Apéndice del *Certiorari*, págs. 77-78. Valga señalar que Scotiabank se opuso a la consignación de fondos realizada por don Roberto Miguel. Este último, por su parte, reaccionó a la oposición del banco y continuó depositando fondos en el tribunal a favor de Scotiabank. Luego de evaluar los argumentos de las partes, el foro primario resolvió declarar *no ha lugar* las consignaciones de fondos efectuadas y ordenó la devolución del dinero consignado a don Roberto Miguel. Véase *Orden*, Apéndice del *Certiorari*, págs. 212 y 216.

Herederos emitida por el Tribunal de Primera Instancia en el caso Civil Núm. H1CI201000799 (206), la sucesión de don José Tomás estaba compuesta por sus tres (3) hijos, a saber: el Sr. José Tomás Quiñones Burgos, la Sra. Mildred Mariella Quiñones Burgos y la Sra. Mónica María Quiñones Burgos (en conjunto, hermanos Quiñones Burgos); y su viuda, la Sra. Mildred Burgos Carazo (en conjunto, Sucesión de don José Tomás o herederos repudiantes).[5] En la misma fecha, Scotiabank presentó una *Demanda enmendada* en la que sustituyó al causante por los miembros de su sucesión y afirmó que éstos, junto a don Roberto Miguel, respondían por su causa de acción.[6]

Luego de ciertas incidencias procesales, el 13 de noviembre de 2013, la Sucesión de don José Tomás presentó su *Contestación a la demanda enmendada*.[7] Aceptó -entre otras cosas- que, por medio de la Escritura Núm. 48 de Testamento, la señora Ramírez Polo designó a los señores Quiñones Ramírez como sus únicos herederos. No obstante, negó responsabilidad sobre la deuda reclamada por Scotiabank. A esos efectos, señaló que, tras la muerte de don José Tomás, no adquirió la propiedad objeto de la presente controversia, pues, por medio de la referida Escritura Núm. 48 de

---

[5]    Véase *Moción solicitando sustituci[ó]n de parte, enmienda a la demanda y nuevos emplazamientos*, Apéndice del *Certiorari*, págs. 157-163.

[6]    Véase *Demanda enmendada*, Apéndice del *Certiorari*, págs. 164-166.

[7]    Véase *Contestación a demanda enmendada*, Apéndice del *Certiorari*, págs. 346-350.

Testamento, la señora Ramírez Polo designó como albacea testamentario a don Roberto Miguel, quien "ha sido el encargado de los bienes hereditarios desde el fallecimiento de la [señora Ramírez Polo], sin intervención de [la Sucesión de don José Tomás]".[8] Asimismo, indicó que los miembros de la referida sucesión no habían adquirido la herencia, pues aún no la habían aceptado. De esta forma, como parte de sus defensas afirmativas, la Sucesión de don José Tomás repudió la herencia. Específicamente, expresó que:

.   .   .   .   .   .   .   .

> 2. Los CO-DEMANDADOS Mildred Burgos Carazo, José Tomás Quiñones Burgos, Mildred Mariella Quiñones Burgos y Mónica María Quiñones Burgos, **repudian todos los derechos, acciones y obligaciones que pudieran tener como herederos de José Tomás Quiñones Ramírez. Entiéndase, los CO-DEMANDADOS renuncian a la herencia del causante José Tomás Quiñones Ramírez, incluida la participación que [é]ste poseía en el inmueble objeto de la controversia.** (Énfasis suplido).[9]

Como resultado de lo anterior, Scotiabank presentó una *Moción solicitando escritura de repudiación*.[10] Sostuvo que, existiendo un bien inmueble como parte del caudal hereditario de don José Tomás, era necesario que los miembros de su sucesión presentaran una Escritura de Repudiación de Herencia ante el Registro de la Propiedad

---

[8]   Íd., pág. 348.

[9]   Véase *Contestación a demanda enmendada*, Apéndice del *Certiorari*, pág. 346.

[10]   Véase *Moción solicitando escritura de repudiación*, Apéndice del *Certiorari*, págs. 356-357.

correspondiente, de manera que pudieran acreditar la repudiación. Afirmó que, una vez adviniera en conocimiento de la existencia y presentación de la referida escritura en el Registro de la Propiedad, procedería a desistir de la demanda en cuanto a los herederos repudiantes. El foro primario declaró *ha lugar* esta moción y le concedió término a la Sucesión de don José Tomás para cumplir con lo allí provisto.[11]

Sin embargo, luego de varias oportunidades provistas sin que la Sucesión de don José Tomás cumpliera con lo ordenado, el foro primario emitió una *Sentencia parcial* en la que concluyó que la Sucesión de don José Tomás había renunciado expresamente a la herencia por medio de su contestación a la demanda. Consecuentemente, aceptó la repudiación de la herencia realizada por la Sucesión de don José Tomás y archivó el pleito en su contra.[12] La referida sentencia advino final y firme.

Así las cosas y tras varios acontecimientos innecesarios de pormenorizar,[13] el 5 de agosto de 2016, don Roberto Miguel presentó una *Moción asumiendo representación legal y otros*

---

[11] Véase *Orden*, Apéndice del *Certiorari*, pág. 251.

[12] Véase *Sentencia parcial*, Apéndice del *Certiorari*, págs. 544-545. Adviértase que la *Sentencia parcial* fue emitida el 17 de agosto de 2015 y enmendada el 8 de octubre de 2015 a los únicos efectos de indicar que se trataba de una sentencia parcial. Véase *Sentencia parcial*, Apéndice del *Certiorari*, pág. 545.

[13] Advertimos que los procedimientos del presente caso fueron paralizados por motivo de una petición de quiebra que presentara don Roberto Miguel ante el Tribunal Federal de Quiebras. Posteriormente, dicho foro federal concedió una Moción de desestimación presentada por don Roberto Miguel. Véase *Minute Entry*, Apéndice del *Certiorari*, pág. 496.

*extremos* en la que, en lo pertinente, solicitó la reconsideración de la *Sentencia parcial* emitida por el foro primario. A esos efectos, señaló lo siguiente:

> 5. Que el […] co-demandado, [don Roberto Miguel], presentó una solicitud de reconsideración de dicha sentencia parcial **bajo el argumento de que ante la renuncia de los co-demandados, Mildred Burgos Carrazo, José Tomás Quiñones Burgos, Mildred Mariella Quiñones Burgos y Mónica María Quiñones Burgos, la participación de éstos el efecto del repudio era el llamamiento de los descendientes en grados próximos de sucesión, según lo establece el Artículo 886 del Código Civil, 31 LPRA [s]ec. 2609 y así al repudiar la herencia heredarían los hijos menores de edad de dos (2) de los co-herederos repudiantes.** De mantenerse la Sentencia […], Scotiabank viene obligada a traer como parte indispensable en el caso de epígrafe a los menores de edad, nietos del causante, ya que este Tribunal no ha adquirido jurisdicción sobre ellos.
>
> 6. Ante dicha situación el co-demandado, [don Roberto Miguel] respetuosamente solicita de este Honorable Tribunal que reconsidere su determinación anterior sobre los efectos de la repudiación efectuada por [la Sucesión de don José Tomás]; **y se ordene traer al pleito de autos a los hijos menores de edad de éstos.** (Énfasis suplido). [14]

En la alternativa, don Roberto Miguel peticionó al foro primario que ordenara al Registrador de la Propiedad inscribir a su favor la porción del inmueble objeto del caso repudiada por la Sucesión de don José Tomás.

Posteriormente, Scotiabank presentó una *Segunda demanda enmendada* en la que acumuló en el pleito a los nietos del causante, a saber: Pablo Antonio Quiñones Rosario y Emma

---

[14] Véase *Moción asumiendo representación legal y otros extremos*, Apéndice del *Certiorari*, pág. 494.

Isabelle Quiñones Rosario (hijos del Sr. José Tomás Quiñones Burgos); y Natalia María Sierra Quiñones y Victoria Mariella Sierra Quiñones (hijas de la Sra. Mónica María Quiñones Burgos) (en conjunto, menores o nietos del causante).[15] Arguyó que, tras el repudio de la herencia por parte de la Sucesión de don José Tomás, sus nietos y don Roberto Miguel respondían por la presente causa de acción.

Luego de ser emplazados por conducto de sus padres, el 11 de mayo de 2017, los nietos del causante contestaron la *Segunda demanda enmendada*.[16] Allí, admitieron que, como resultado de la repudiación de la herencia por parte de la Sucesión de don José Tomás, eran los herederos del causante. Además, explicaron que aceptaban la herencia hasta donde alcanzaran los bienes del caudal hereditario. En otras palabras, aceptaron la herencia a beneficio de inventario.

Más adelante, el 27 de marzo de 2018, Scotiabank presentó una *Solicitud de sentencia sumaria*. Argumentó que, a través de sus contestaciones a la demanda, tanto los nietos del causante como don Roberto Miguel habían aceptado los hechos esenciales de la causa de acción de epígrafe.[17] Asimismo, planteó que por motivo del repudio de la herencia por parte de la Sucesión de don José Tomás, los menores pasaron a

---

[15] Véase *Segunda demanda enmendada*, Apéndice del *Certiorari*, págs. 568-571.

[16] Véase *Contestación a la demanda*, Apéndice del *Certiorari*, págs. 499-503.

[17] Véase *Solicitud de sentencia sumaria*, Apéndice del *Certiorari*, págs. 504-513.

suceder al causante y aceptaron la herencia hasta donde alcanzaran los bienes del caudal. Conforme a ello, manifestó que no existía controversia acerca de que don Roberto Miguel y los nietos del causante respondían por la deuda reclamada, limitándose la responsabilidad de los menores "en la medida en que se ha hecho constar su aceptación a la herencia".[18]

En respuesta, don Roberto Miguel presentó una *Oposición a solicitud de sentencia sumaria* mediante la cual esbozó que Scotiabank había incumplido con los requisitos de forma dispuestos por la Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, razón por la cual la *Solicitud de sentencia sumaria* debía ser denegada.[19] En la alternativa, adujo que existían hechos materiales en controversia que impedían la resolución del caso por la vía sumaria.

Por su parte, los nietos del causante presentaron una *Réplica a la solicitud de sentencia sumaria presentada por la parte demandante* en la que, luego de afirmar que no tenían interés en la continuación del pleito ni sobre el inmueble objeto de la presente controversia, plantearon que desconocían los hechos esenciales alegados en la demanda y las gestiones extrajudiciales realizadas por el banco para el cobro de la deuda reclamada.[20] Por igual, manifestaron

---

[18]   *Íd.*, pág. 507.

[19]   Véase *Oposición a solicitud de sentencia sumaria*, págs. 513-519.

[20]   Véase *Réplica a la solicitud de sentencia sumaria presentada por la parte demandante*, Apéndice, págs. 524-527.

que no existía un conflicto de interés entre ellos y sus padres, por estos últimos haber repudiado la herencia del causante.

Acaecidas varias incidencias procesales, el 24 de mayo de 2018 el Tribunal de Primera Instancia emitió una *Sentencia* en la que declaró *con lugar* la *Segunda demanda enmendada*. Determinó que, de acuerdo con las alegaciones de las partes y la prueba documental presentada por Scotiabank, éste demostró ser el acreedor de la deuda reclamada. Específicamente, razonó que el banco acreditó que el pago de la deuda está garantizado por una hipoteca que consta inscrita a su favor. Igualmente, concluyó que el banco demostró que los co-demandados incumplieron con su obligación de realizar los pagos mensuales acordados y que las sumas adeudadas eran líquidas, estaban vencidas y eran exigibles. Ahora bien, el foro primario puntualizó que, aunque "los menores no utilizaron la frase 'a beneficio de inventario' en la Contestación a la Demanda, es evidente que su forma de alegar y/o aceptar la herencia denota la intención de que su responsabilidad esté limitada al producto de la venta de la propiedad en la subasta pública".[21] Por consiguiente, ordenó a don Roberto Miguel y a los nietos del causante a satisfacer la suma de $272,285.34, más intereses, costas y honorarios de abogado.

---

[21] Véase *Sentencia*, Apéndice del *Certiorari*, pág. 536.

No obstante, en cuanto a los menores, hizo la siguiente salvedad:

> Esta Sentencia se dicta únicamente en ejecución de hipoteca en cuanto a los co-demandados Pablo Antonio Quiñones Rosario, Emma Isabelle Quiñones Rosario, Natalia María Sierra Quiñones y Victoria Mariella Sierra Quiñones, por lo que la parte demandante no podrá reclamar a dichos co-demandados el cobro de cualquier deficiencia que sur[j]a luego de la venta de la propiedad en pública subasta.[22]

En desacuerdo con lo resuelto por el Tribunal de Primera Instancia, don Roberto Miguel recurrió ante el Tribunal de Apelaciones.[23] En resumen, alegó que el foro primario erró al declarar con lugar la *Solicitud de sentencia sumaria* pese a que Scotiabank había incumplido con los requisitos de forma dispuestos por las Reglas de Procedimiento Civil y al permitir que los menores de edad aceptaran la herencia a beneficio de inventario, aun cuando no habían cumplido con los requisitos estatutarios establecidos para ello.

El 29 de marzo de 2019, el Tribunal de Apelaciones emitió una *Sentencia* en la que revocó el dictamen del Tribunal de Primera Instancia. En lo pertinente a la controversia ante nosotros, el foro apelativo intermedio razonó que los menores no podían ser considerados como herederos del causante -y, por tanto, no respondían por la deuda reclamada- debido a que sus padres habían repudiado la herencia. Particularmente, afirmó lo siguiente:

---

[22]  Íd., pág. 542.

[23]  Véase *Apelación*, Apéndice del *Certiorari*, págs. 44-69.

[…] El banco sostuvo, y el TPI acogió como determinación de hecho en la sentencia apelada, que los menores responden por la deuda reclamada en la demanda, ante las renuncias de la herencia por sus padres, *en la medida en que se ha hecho constar su aceptación a la herencia.* Añade el foro primario en la parte dispositiva de la sentencia apelada que, en cuanto a los menores, el banco no podrá reclamarle el cobro de cualquier deficiencia que surja luego de la venta de la propiedad en pública subasta.

Respecto a lo anterior, resulta necesario aclarar que, en Puerto Rico, **el que repudia o renuncia a su llamamiento a heredar <u>no transmite derecho de clase alguna a sus sucesores</u>. Con la renuncia, el que repudia impone una onerosa consecuencia a su descendencia, pues detiene en forma permanente el flujo de bienes por razón de herencia a través de su estirpe.** Esto es, **quien repudia rechaza la herencia para sí y para los suyos.** Efraín González Tejera, *Derecho de Sucesiones, La Sucesión Intestada*, Tomo 1, Cap. III, pág. 84 y 85. Además, **si un heredero no quiere heredar, <u>su parte acrecerá a los otros del mismo grado</u>.** *Íd.*, pág. 84.

Es decir, una vez que los padres de los menores en el caso ante nuestra consideración repudiaron la parte de la herencia que les correspondía, tal acto tuvo el efecto de impedir que los menores codemandados tomaran el lugar de sus padres mediante el derecho a la representación. La repudiación de la herencia no hace posible la representación, pues el que repudia la herencia lo hace en su nombre y en el de los suyos. José Ramón Vélez Torres, *Curso de Derecho Civil, Derecho de Sucesiones*, Tomo IV, Vol. III, pág. 407. Por el contrario, la repudiación en este caso por los padres de los menores codemandados tuvo el efecto del acrecimiento a favor del apelante. De este modo, no cabe hablar de responsabilidad alguna de los menores ante el banco apelado por efecto de la herencia repudiada, lo que supone que no proceda la acción instada contra estos. (Énfasis en el original). [24]

---

[24] Véase *Sentencia*, Apéndice del *Certiorari*, págs. 17-18.

Conforme a lo anterior, el Tribunal de Apelaciones ordenó la desestimación de la causa de acción en contra de los menores y devolvió el caso al foro primario para la continuación de los procedimientos en cuanto a las demás partes en el pleito, de conformidad con lo resuelto. Posteriormente, dicho foro denegó una moción de reconsideración presentada por los nietos del causante.[25]

Oportunamente, los menores recurrieron ante este Tribunal mediante un recurso de *certiorari* en el que señalaron lo siguiente:

> Erró el Honorable Tribunal de Apelaciones, al concluir que un colateral del causante José Tomás Quiñones Ramírez es su heredero *ab intestato*, cuando existen herederos en la línea recta descendiente del causante (nietos menores de edad) que aceptaron expresamente la herencia y heredan por su propio derecho. Esta determinación tiene el efecto de dejar sin su herencia legítima a varios menores de edad y de sostenerse, implicaría un fracaso irremediable en la justicia.

> Erró el Honorable Tribunal de Apelaciones al desestimar la demanda contra los nietos del causante y declarar de manera contraria a derecho, que el heredero del causante es un colateral, amparándose en una cita del Profesor González Tejera para una situación distinta a la de autos y obviando por completo las disposiciones del Código Civil de Puerto Rico en cuanto a la sucesión intestada y el orden de sucesión; y lo resuelto por este Honorable Tribunal en *Moreda Toledo v. Rosselli*, 141 [DPR] 674 (1996).

> Erró el Honorable Tribunal de Apelaciones, al concluir que la renuncia a la herencia de José Tomás Quiñones Ramírez, que realizaron sus hijos y viuda, tuvo el efecto de acrecer la herencia de Roberto Quiñones Ramírez (un colateral hermano del causante), en perjuicio

---

[25] Véase *Resolución*, Apéndice del *Certiorari*, págs. 30-31.

de sus descendientes legítimos (sus nietos),
los cuales heredan por su propio derecho y no
en representación de sus padres.

El 28 de junio de 2019 expedimos el auto de *certiorari* solicitado. Contando con la comparecencia de los nietos del causante y de don Roberto Miguel,[26] nos encontramos en posición de resolver. Ello, no sin antes exponer el derecho aplicable a la controversia planteada.[27]

**II**

**A. Apertura de la sucesión**

La muerte de una persona da lugar a la apertura de la sucesión y al comienzo del proceso de transmisión de la herencia al sucesor. Es en ese momento que ocurre la delación o llamamiento, entiéndase, "el ofrecimiento de la herencia a quien es llamado a suceder". M.A. Diez Fulladosa, *La Herencia: Su régimen jurídico en Puerto Rico*, 1ra ed. rev., San Juan, InterJuris, 2015, pág. 347. La delación tiene el efecto de hacer surgir el derecho de aceptar o repudiar la herencia. Íd.

---

[26] El 14 de agosto de 2019 los nietos del causante presentaron una *Moción informativa para dar por sometido el recurso de certiorari*, en la que manifestaron que adoptarían como su alegato el recurso de *certiorari* presentado. El 29 de agosto de 2019 emitimos una *Resolución* en la que declaramos *con lugar* la referida moción y otorgamos un término a las partes recurridas para que presentaran sus alegatos. Scotiabank no compareció, por lo que el caso quedó sometido para su adjudicación con las comparecencias de los nietos del causante y de don Roberto Miguel.

[27] Advertimos que los eventos fácticos y procesales del presente caso ocurrieron durante la vigencia del Código Civil de 1930, según enmendado, 31 LPRA ant. sec. 1 *et seq*. Por consiguiente, el análisis realizado se ampara en las disposiciones de dicho estatuto y su jurisprudencia interpretativa. Véase Art. 1816 del Código Civil de 2020 el cual dispone, en lo pertinente, que "[l]os derechos a la herencia de quien ha fallecido, con testamento o sin él, antes de entrar en vigor [el Código Civil de Puerto Rico de 2020], se rigen por la legislación anterior".

**a. Los llamamientos a heredar**

A falta de herederos testamentarios, la ley llama a recoger la herencia a personas que se encuentran en determinada relación con el causante intestado. J. R. Vélez Torres, *Curso de Derecho Civil: Derecho de Sucesiones*, 2da ed. rev., San Juan, Universidad Interamericana de Puerto Rico, 2006, T. IV, Vol. III, pág. 390. Véase, además, Art. 876 del Código Civil, 31 LPRA ant. sec. 2593. Y es que, para establecer las personas que sucederán al difunto, el legislador ha estimado necesario tomar en cuenta los vínculos familiares existentes entre aquellas y éste. M. Albaladejo, *Comentarios al Código Civil y Compilaciones Forales*, Madrid, Ed. Revista de Derecho Privado, 1989, T. XIII, Vol. 1, pág. 17.

Acorde con lo anterior, en Puerto Rico rige la norma de que el pariente más próximo al causante excluye al más remoto. Art. 884 del Código Civil, 31 LPRA ant. sec. 2607. De esta forma, nuestro derecho sucesoral intestado agrupa a los parientes del causante en subgrupos según la intensidad del nexo de consanguinidad o afinidad que tengan con el difunto, y les otorga un orden de prioridad en el llamamiento, siendo la proximidad del vínculo con el causante el criterio que gobierna ese orden. E. González Tejera, *Derecho de Sucesiones: La Sucesión Intestada*, San Juan, Ed. Universidad de Puerto Rico, 2001, T. I, pág. 56.

Así pues, el primer orden de llamamientos en la sucesión intestada está compuesto por los descendientes (hijos,

nietos, etc.). Art. 893 del Código Civil, 31 LPRA ant. sec. 2641. Debido a que en la sucesión legítima rige en pleno vigor la norma dispuesta por el aludido Art. 884 del Código Civil, *supra*, **sólo en ausencia de descendientes** sucederán: en segundo orden los ascendientes (padres, abuelos, etc.); en tercer orden el viudo o la viuda; y en cuarto orden los colaterales hasta el sexto grado (hermanos y sobrinos, hijos de éstos y, en defecto de estos últimos, los demás parientes colaterales hasta el sexto grado). Véanse, Arts. 898, 900, 903, 909, 910 y 911 del Código Civil, 31 LPRA ant. secs. 2651, 2653, 2671, 2677, 2678 y 2679. Véase, además, González Tejera, *op. cit.*, pág. 58.

**B. La aceptación o repudiación de la herencia: en general**

La teoría romana de la adquisición de la herencia, adoptada en nuestra jurisdicción hace ya más de tres (3) décadas, Rivera Rivera v. Monge Rivera, 117 DPR 464, 482 (1986), establece que para adquirir una herencia no basta con la muerte del titular de los bienes, derechos y obligaciones, sino que además es necesaria la aceptación por parte del llamado a suceder, a quien se le reconoce -mientras no la acepte- la posibilidad de rechazarla. Diez Fulladosa, *op. cit.*, pág. 348. De esta forma, hemos expresado que mientras la herencia no haya sido aceptada, ésta se encuentra yacente, por lo que debe suponerse la existencia de la personalidad del difunto. Rivera Rivera v. Monge Rivera, *supra*, pág. 479; Sucesión Criado v. Martínez et al.,

25 DPR 334 (1917); Figueroa v. El Registrador, 18 DPR 260 (1912). Véase, además, Diez Fulladosa, *op. cit.*, pág. 349.

En armonía con lo expuesto, hemos indicado que "el llamado por ley o por el testador a recibir el caudal hereditario es libre para aceptar o rechazar el llamamiento. Éste puede escoger entre aceptar la herencia pura y simplemente, aceptarla a beneficio de inventario o repudiarla". González Campos v. González Mezerene, 139 DPR 228, 237 (1995).

Por consiguiente, "[l]a aceptación y la repudiación de la herencia son declaraciones de voluntad para manifestar, en la delación, su voluntad de adherirse a la herencia o no, rechazándola". B. Valero Bravo, *La aceptación de la herencia en el Código Civil Español*, Madrid, Universidad Pontificia Comillas (tesis para la obtención del Grado de Derecho de la Universidad Pontificia Comillas), 2018, pág. 38, en https://repositorio.comillas.edu/xmlui/bitstream/handle/11531/20664/TFG%20VALERO%20BRAVO%2c%20BLANCA.pdf?sequence=1&isAllowed=y (última visita, 19 de enero de 2021). Se trata de actos voluntarios, libres e irrevocables, cuya validez sólo puede ser cuestionada por adolecer de alguno de los vicios que anula el consentimiento o ante la aparición de un testamento desconocido. Arts. 943 y 951 del Código Civil, 31 LPRA ant. secs. 2771 y 2779. Además, los efectos de dichos actos "se retrotraen al momento de la muerte de la

persona a quien se hereda". Art. 944 del Código Civil, 31 LPRA ant. sec. 2772.

**a. Aceptación de la herencia a beneficio de inventario**

La aceptación a beneficio de inventario es "una aceptación expresa de la herencia que libera al heredero de la obligación de pagar deudas hereditarias". González Campos v. González Mezerene, *supra*, págs. 239-240; Lequerique v. Sucn. Talavera Crespo, 132 DPR 297, 305 (1992). Su efecto es "mantener separado el patrimonio del difunto descrito en el inventario, del patrimonio personal del heredero". González Campos v. González Mezerene, *supra*, págs. 239-240. Así, es conocido que la aceptación beneficiaria contrasta con la aceptación pura y simple en cuanto a que mediante esta última el heredero responde por las obligaciones de la herencia "no sólo con los bienes de ésta sino también con los suyos propios". Art. 957 del Código Civil, 31 LPRA ant. sec. 2785.

De ordinario, la aceptación a beneficio de inventario requiere para su validez el cumplimiento de una serie de formalidades dispuestas en nuestro Código Civil. Lequerique v. Sucn. Talavera Crespo, *supra*, pág. 305. Así, por ejemplo, el Código Civil señala las dos (2) formas en las que dicha aceptación podrá llevarse a cabo, a saber: ante un notario o mediante la presentación de un escrito ante una sala del Tribunal de Primera Instancia con competencia. Art. 965 del Código Civil, 31 LPRA ant. sec. 2802. Igualmente, el referido cuerpo de normas exige la realización de un

inventario fiel y exacto de todos los bienes de la herencia con las formalidades y dentro de los plazos dispuestos en el Código Civil, pues, de lo contrario, la aceptación "no producirá efecto alguno". Art. 967 del Código Civil, 31 LPRA ant. sec. 2804. De la misma forma, establece que "[s]i por culpa o negligencia del heredero no se principiare o no se concluyere el inventario en los plazos y con las solemnidades prescritas en los artículos anteriores, se entenderá que acepta la herencia pura y simple". Art. 972 del Código Civil, 31 LPRA ant. sec. 2809.

Ahora bien, el Código Civil considera varias circunstancias en las que la aceptación a beneficio de inventario es concedida al heredero, aunque no la solicite, y aun cuando el inventario nunca se confeccione. González Tejera, *op. cit.*, pág. 207. Tal es el caso de la aceptación de la herencia por parte de menores e incapacitados. Y es que, como resultado de la falta de capacidad de éstos para aceptar la herencia,[28] nuestro sistema de derecho sucesoral reconoce como norma general que sus representantes legales habrán de aceptar la herencia a nombre de aquellos a beneficio de inventario. A esos efectos, el Art. 947 del Código Civil dicta, en lo pertinente, que **"[l]a herencia dejada a los menores** o incapacitados **podrá ser aceptada al tenor de lo dispuesto en el número 10 del artículo 212 (sec.**

---

[28] En nuestro ordenamiento sucesoral sólo pueden aceptar o repudiar la herencia los que tienen la libre disposición de sus bienes. Art. 947 del Código Civil, 31 LPRA ant. sec. 2775.

**786) de este título. Si la aceptare por sí el tutor, la aceptación se entenderá hecha a beneficio de inventario".** (Énfasis suplido). 31 LPRA ant. sec. 2775.

Como puede observarse, el precitado artículo hace alusión al inciso diez (10) del Art. 212 del Código Civil, 31 LPRA ant. sec. 786, el cual enumera las instancias en las cuales se le requiere a un tutor solicitar autorización judicial para actuar, siendo una de éstas: "[p]ara aceptar sin beneficio de inventario cualquier herencia […]". Íd. Esto es, como regla general, los tutores aceptarán la herencia a nombre de los menores a beneficio de inventario; los primeros sólo podrán aceptar la misma de manera pura y simple con la anuencia del tribunal.

En Rosa v. Sucesión García, 32 DPR 586 (1923) determinamos que la norma dispuesta en el inciso diez (10) del Art. 212 del Código Civil, *supra*, **debía ser aplicada en el caso de que un progenitor con patria potestad aceptase la herencia a nombre de sus hijos menores de edad.** A esos efectos, puntualizamos lo siguiente:

> Es cierto que tanto el Código Civil español como el nuestro revisado, no dicen que los padres al aceptar la herencia de sus menores hijos, se entienda aceptada a beneficio de inventario, pero Scaevola, al comentar el artículo 996, equivalente al 959 de nuestro código [de 1902 igual al 947 de 1930], dice que del mismo modo que se ha dicho respecto del tutor y de los pobres y del sordomudo, que la herencia se entiende aceptada por su representante legal a beneficio de inventario, debe decirse del padre; y a este respecto añade:

> Es también principio de derecho que la ley dictada para un caso debe aplicarse a todos los demás que tiendan a la misma utilidad. Este

principio está recibido en las leyes y en la jurisprudencia del Tribunal Supremo. *Ubi eadem est ratio eadem debet esse dispositio juris.* Ahora bien: ¿se dirá que hay violencia en considerar semejantes el caso del padre y el del tutor? Fuera del vínculo que los une con el menor, ¿qué diferencia hay en la situación que les produce la herencia cedida? **Uno y otro obran por representación; en uno y otro caso se trata de no perjudicar al menor, sino de ejercitar sus derechos de la manera más provechosa**. **Pues si por la utilidad del menor se halla dispuesto en el [A]rt. 992 que la herencia aceptada por el tutor queda sujeta al beneficio de inventario, ¿por qué no establecer lo mismo respecto del padre, en cuyo caso se tiende a la misma utilidad en favor del heredero?**

'**Entendemos, por consiguiente, que el padre podrá aceptar por sí la herencia dejada a los Hijos menores constituidos en su potestad, pero siempre a beneficio de inventario; y que, por lo mismo, no podrá nunca renunciarla, porque a esto equivale la imposición de dicho beneficio**'. (Énfasis suplido). Íd., págs. 586-587 (citando a Scaevola, Comentarios al Código Civil, Madrid, Ed. Reus, T. 17, pág. 406).

Conforme a ello, señalamos que "no puede darse por sentado que a nombre de los menores se entienda aceptada [la herencia] por sus representantes legales [de manera] pura y [simple]". Íd., pág. 589.

Cónsono con lo anterior, el profesor González Tejera explica que, aunque el beneficio de inventario se pierde –y por consiguiente, se produce de manera automática la aceptación pura y simple de la herencia– cuando, por culpa o negligencia del heredero, el inventario no se realiza dentro de los plazos dispuestos en el Código Civil, "[e]l incumplimiento doloso o culposo de esa obligación no puede atribuírseles a los menores o a los incapaces, de modo que,

mientras estén afectos a la incapacidad de obrar de que se trate, se suspenden los plazos y las formalidades para aceptar a beneficio de inventario". González Tejera, *op. cit.*, pág. 210.

**b. El repudio de la herencia**

La repudiación de la herencia es "la declaración unilateral por la que el llamado manifiesta en la forma dispuesta por la ley su voluntad de no ser heredero". J. L. Lacruz Berdejo y otros, *Elementos de Derecho Civil V: Sucesiones*, 4ta ed. rev., Madrid, Ed. DYKINSON, 2009, pág. 77. Con el repudio, el heredero se convierte en un extraño a la herencia pues, "para todos los efectos legales, se considera que […] nunca llegó a ser heredero". Moreda v. Roselli, 141 DPR 674, 688 (1996). Para que el repudio sea válido, el heredero deberá llevarlo a cabo mediante un instrumento público o auténtico o por medio de la presentación de un escrito ante una sala competente del Tribunal de Primera Instancia. Art. 962 del Código Civil, 31 LPRA ant. sec. 2790.

**i. Efectos del repudio sobre la distribución de la herencia**

El repudio de la herencia tiene varios efectos, los cuales dependerán de si dicha acción es realizada por todos o algunos de los llamados a suceder. De esta forma, si bien hemos expresado que "[e]l principal efecto del repudio es el llamamiento de los descendientes en el grado próximo de sucesión", Moreda v. Roselli, *supra*, pág. 689, la realidad es que tal consecuencia es sólo una de las reconocidas por

nuestro sistema de derecho sucesoral, el cual, como indicamos, tiene como base una preferencia sobre las personas que se encuentran en los grados más próximos al causante.

Dicha predilección no sólo se desprende del Art. 884 mencionado, sino que, como señala el tratadista Puig Brutau, la misma "está confirmada y desarrollada en los arts. 922 y 923 [del Código Civil Español, equivalentes a los Arts. 885 y 886 de nuestro Código Civil, *infra*]". J. Puig Brutau, *Fundamentos de Derecho Civil*, 4ta ed. rev., Barcelona, Bosh, 1991, T. V, Vol. 3, pág. 293.

El Art. 885 del Código Civil, 31 LPRA ant. sec. 2608 dispone que:

> **Si hubiere varios parientes de un mismo grado, y alguno o algunos no quisieren** o no pudieren suceder, **su parte acrecerá a los otros del mismo grado,** salvo el derecho de representación cuando deba tener lugar". (Énfasis suplido). <u>Íd.</u>

Al analizar el Art. 922 del Código Civil Español, análogo al citado Art. 885, el tratadista Guilarte Zapatero explica lo siguiente:

> […] **para que proceda el acrecimiento, según el artículo 922, es necesaria la existencia de una pluralidad de designados, todos, obviamente, en el mismo grado de parentesco y dentro del mismo orden sucesorio, y que, como consecuencia de la renuncia o de la imposibilidad de alguno o algunos de los llamados para heredar, es decir, por inoperancia parcial de llamamiento conjunto, quede vacante alguna porción de la herencia.** Si la ineficacia de la designación conjunta se proyecta sobre todos y cada uno de los designados, la hipótesis aparece contemplada parcialmente en el artículo 923, como luego razono.

En otros términos, **para que tenga lugar el acrecimiento es preciso que uno, al menos, de los integrados en la delación conjunta inicial, formulada en atención a la preferencia de orden sucesorio, llegue a heredar.** En concreto, es de subrayar que el precepto estima como causas determinantes de la aparición de porciones hereditarias sin destinatario, la voluntad contraria a la aceptación de alguno de los llamados, *no quisieren*, dice el artículo, lo que equivale a una repudiación de la herencia, o *no pudieren suceder*, en otros términos, que alguno o algunos de aquellos a quienes por ministerio de la ley se dirige la delación carecen de la necesaria aptitud para herederar. Pero, prescindiendo de momento de considerar esta eventual incidencia, debe concluirse, en principio, que, no atribuida alguna de las cuotas de los llamados, se reparte entre los que efectivamente llegan a heredar. (Énfasis suplido). Albaladejo, *op. cit.*, págs. 111-112.

Por su parte, el Art. 886 del Código Civil, 31 LPRA ant. sec. 2609 dispone lo siguiente:

**Repudiando la herencia** el pariente más próximo, si es solo, **o si fueren varios, todos los parientes más próximos llamados por la ley, heredarán los del grado siguiente por su propio derecho y sin que puedan representar al repudiante.** (Énfasis nuestro). <u>Íd.</u>

En <u>Moreda v. Roselli</u>, *supra*, analizamos la disposición precedente y citamos con aprobación al tratadista Manresa, quien, refiriéndose a los Arts. 933 y 923 del Código Civil Español, idénticos a los Arts. 896[29] y 886 de nuestro Código Civil, 31 LPRA ant. secs. 2644 y 2609, expresó que:

Aunque el Art. 933 parece suponer que los nietos heredan siempre por derecho de representación, **sabemos que el precepto del 923 es terminante, que no cabe representar al que renuncia una herencia, y, por tanto, que [,]**

---

[29] El Art. 896 del Código Civil, 31 LPRA ant. sec. 2644, dispone que: "[l]os nietos y demás descendientes heredarán por derecho de representación, y si alguno hubiese fallecido dejando varios herederos, la porción que le corresponda se dividirá entre éstos por partes iguales".

**renunciando el padre, por ejemplo, si era heredero único, son llamados sus hijos a la sucesión del abuelo y no ciertamente por derecho de representación.** […]. (Énfasis suplido). Íd., págs. 689-690 (citando a J.M. Manresa, *Comentarios al Código Civil Español*, 8va ed. rev., Madrid, Ed. Reus, 1973, T. VI, Vol. I, págs. 664-668).

Por su parte, al analizar el referido Art. 923 del Código Civil Español, el tratadista Puig Brutau explica lo siguiente:

El art. 923 se refiere al supuesto de que resulte ineficaz el llamamiento a la sucesión intestada del pariente más próximo en grado, o del grupo de parientes del mismo grado que sean los más próximos al causante. […]

No hay duda que son herederos intestados los llamados por la ley que existan en el momento de la apertura de la sucesión, con la inclusión de los posibles llamados por derecho de representación. Dicho art. 923 no regula el supuesto de que en el grupo de los llamados se produzca una vacante, como la previsión del art. 922 [equivalente a nuestro Art. 885], sino el caso de que desaparezca el heredero o todos los herederos del primer llamamiento por causa de repudiación. La ley llama entonces a las personas del grado o el orden sucesorio siguiente (*successio graduum et ordinum*) […] Puig Brutau, *op. cit.*, págs. 294-295.

Expuesto el derecho aplicable a la controversia planteada, procedemos a resolver.

### III

Los nietos del causante solicitan que revoquemos parcialmente la *Sentencia* del Tribunal de Apelaciones; específicamente, en cuanto a la determinación de desestimar la demanda con relación a los menores. Argumentan que el foro recurrido incidió al determinar que el repudio de la herencia por parte de la Sucesión de don José Tomás impidió

que los menores advinieran herederos del causante y al concluir que tal acción acreció la herencia de don Roberto Miguel, a pesar de ser un pariente del causante en la línea colateral.

Por su parte, a través de su *Alegato*, don Roberto Miguel nos solicita que confirmemos la *Sentencia* del Tribunal de Apelaciones en su totalidad.  El hermano del causante, **por primera vez ante este Foro**, cuestiona la capacidad de los menores de edad para suceder a don José Tomás.  A su vez, a pesar de haber sido la persona que solicitó que se ordenara la acumulación de los menores en el pleito, afirma **-en contra de sus propios actos-** que la repudiación hecha por los padres de los menores, -el Sr. José Tomás Quiñones Burgos y la Sra. Mónica María Quiñones Burgos- miembros de la Sucesión de don José Tomás, impidió que los nietos del causante sucedieran a este último.  En la alternativa, peticiona que, de este Tribunal determinar que el repudio de la Sucesión de don José Tomás provocó que los menores sucedieran al causante, concluyéramos que éstos aceptaron la herencia de don José Tomás de manera pura y simple, por no haber cumplido con los requisitos dispuestos para aceptarla a beneficio de inventario.

De manera que, el caso de epígrafe requiere que dilucidemos el efecto que tuvo la repudiación de herencia realizada por todos los miembros de la Sucesión de don José Tomás sobre el derecho hereditario de los nietos del causante.  Particularmente, debemos evaluar si, como

concluyó el foro apelativo intermedio, el repudio realizado por la Sucesión de don José Tomás impidió que los nietos del causante advinieran herederos de este último. Veamos.

Según expusiéramos, nuestro ordenamiento sucesoral intestado provee prioridad para heredar a los parientes más próximos al causante. En ese contexto, reconoce dos escenarios en los que la acción de repudiar tendría consecuencias diferentes, no sobre el repudiante, quien siempre se convertirá en un extraño a la herencia, sino sobre el derecho hereditario de los parientes más próximos llamados a suceder. Uno de esos escenarios, dispuesto por el Art. 885 del Código Civil, *supra*, da lugar al acrecimiento de la herencia de los parientes del mismo grado que hubieran comparecido al llamamiento junto al repudiante. El otro, reconocido por el Art. 886 del Código Civil, *supra*, permite que los parientes del siguiente grado **hereden por derecho propio**. La diferencia entre ambos preceptos legales radica en el hecho de si el acto de la repudiación origina o no una vacante en la porción hereditaria, lo que dependerá a su vez de si el repudio fue efectuado por uno, algunos o todos los llamados a suceder.

En el presente caso no está en controversia que todos los parientes más próximos al causante, es decir, **todos** los hijos de don José Tomás, además de su viuda, repudiaron la herencia válidamente. Tampoco está en controversia que dos (2) de los hijos del causante, el Sr. José Tomás Quiñones

Burgos y la Sra. Mónica María Quiñones Burgos, son padres de los menores aquí peticionarios.

Ante esta realidad fáctica y fundamentados en el derecho sucesorio aplicable, colegimos que **el repudio de la herencia por parte de <u>todos</u> los hijos de don José Tomás impidió el surgimiento de una vacante dentro del mismo grado de parentesco y orden sucesorio, situación requerida para que pudiera tener lugar el acrecimiento de la herencia de los parientes del mismo grado llamados a suceder,** según lo contempla el Art. 885 del Código Civil, *supra*. **Asimismo, razonamos que, en su lugar, la repudiación mencionada resultó en la aplicación de lo dispuesto por el Art. 886 del Código Civil,** *supra*, **esto es, que los parientes del grado siguiente fueran llamados a heredar por derecho propio.** Siendo así, los nietos del causante fueron llamados a suceder y aceptaron la herencia, por medio de sus padres, a beneficio de inventario.

De esta forma aclaramos que, si bien el derecho sucesorio permite que el repudio de la herencia por parte de uno o algunos de los llamados a suceder acrezca la cuota de los demás parientes que concurrieron al llamamiento, ese efecto no tiene lugar cuando, como en este caso, la repudiación ha sido efectuada por **<u>todos</u>** los parientes más próximos al causante llamados a heredar, en cuyo caso, heredarán los parientes del grado siguiente por su propio derecho.[30]

---

[30] Valga señalar que el Código Civil de 2020 sigue estableciendo como consecuencias del repudio el derecho de acrecer -cuando en la sucesión

Finalmente, señalamos que, contrario a lo esbozado por don Roberto Miguel, debido a la minoridad de los nietos del causante, la aceptación beneficiaria por parte de éstos no requería el cumplimiento con las formalidades generalmente dispuestas para su validez. En cuanto a los demás planteamientos presentados por el hermano del causante, basta señalar que en este caso es de aplicación la regla general que nos mueve a abstenernos de considerar planteamientos que no han sido presentados ante el foro primario. Estado Libre Asociado de Puerto Rico v. El Ojo de Agua Development, Inc., 2020 TSPR 122, 205 DPR ___ (2020); E.L.A. v. Northwestern Selecta, 185 DPR 40, 98 (2012).

En vista de lo anterior, concluimos que el Tribunal de Apelaciones erró al determinar que la repudiación de la herencia realizada por la Sucesión de don José Tomás impidió que los nietos del causante advinieran herederos de este último y, por consiguiente, al ordenar la desestimación de la causa de acción de epígrafe en cuanto a los menores.

## IV.

Por los fundamentos que anteceden, se revoca parcialmente la *Sentencia* del Tribunal de Apelaciones de 29 de marzo de 2019 en cuanto a la desestimación de la

---

intestada hay varios parientes del mismo grado y alguno no quiere o no puede suceder, siempre y cuando no aplique el derecho de representación- y el llamamiento de los herederos del grado siguiente dentro de la línea recta descendente, cuando repudien todos los parientes más próximos llamados a suceder. En este último caso heredarían por derecho de representación. Véanse: Arts. 1611, 1612, 1615 y 1617 del Código Civil de 2020.

presente causa de acción en contra de los menores. Así modificada, se confirma dicha *Sentencia* en sus demás partes y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí dispuesto.

Se dictará Sentencia de conformidad.


ROBERTO FELIBERTI CINTRÓN
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Scotiabank of Puerto Rico<br><br>    Recurrido<br><br>           v.<br><br>Sucesión de José Tomás Quiñones Ramírez, compuesta por sus nietos menores de edad P.A.Q.R., E.I.Q.R., N.M.S.Q. y V.M.S.Q.; Roberto Miguel Quiñones Ramírez; Departamento de Hacienda, por conducto de la División de Caudales Relictos; Centro de Recaudación de Ingresos Municipales (CRIM)<br><br>    Peticionarios<br><br>Roberto Miguel Quiñones Ramírez<br><br>    Recurrido | CC-2019-389 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 27 de abril de 2021.

Por los fundamentos expuestos en la *Opinión* que antecede, la cual se hace formar parte íntegra de la presente *Sentencia*, se revoca parcialmente la *Sentencia* del Tribunal de Apelaciones de 29 de marzo de 2019 en cuanto a la desestimación de la presente causa de acción en contra de los menores. Así modificada, se confirma dicha *Sentencia* en sus demás partes y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo dispuesto en la *Opinión*.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez concurre con el resultado y hace constar la expresión siguiente:

El Código Civil de 1930 disponía, sin lugar a duda, que cuando todos los herederos del grado

más próximo repudiaban la herencia se llamaba a los parientes del grado siguiente por su propio derecho. Art. 886 de Código Civil de 1930, 31 LPRA ant. sec. 2609. Coincido con el resultado al que llega este Tribunal respecto a eso. Sin embargo, dado que esa norma es clara -- y ante los hechos y las controversias de este caso --, opino que era innecesario emitir una Opinión. En especial porque el Código Civil vigente dispone un principio distinto sobre la repudiación de la herencia. Véase el Título Preliminar y el Art. 1612 del Código Civil de 2020, 31 LPRA sec. 11092. Emitir una Opinión para pautar una norma luego de que entrara en vigor un nuevo Código, sin que se hicieran las distinciones debidas y sin que se resolvieran varias interrogantes jurídicas adicionales, pudiera tener el efecto grave de confundir a la comunidad jurídica y a los foros a quo. Adicionalmente, me preocupa que subsisten múltiples interrogantes sobre asuntos que levantaron las partes en este caso que no se discutieron ni resolvieron en la Opinión mayoritaria. Estos se relacionan directamente con lo que resuelve este Tribunal y pudieran afectar la disposición final del caso. Ante ello, concurro con el resultado.

El Juez Asociado señor Estrella Martínez concurre sin Opinión escrita.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo